UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOEL ARROYO,

       Plaintiff,

vs.                                                      Civ. No. 24-692 GBW/GJF

SCOTT DOUGLAS JOHNSON, KINDER
MORGAN VEHICLE SERVICES, LLC, and
KINDER MORGAN, INC.,

       Defendants.

## ORDER TO AMEND COMPLAINT

THIS MATTER is before the Court *sua sponte* following its review of the Complaint filed by Plaintiff on July 8, 2024. ECF 1. Plaintiff filed this action in federal court, citing diversity jurisdiction.[1] *Id.* ¶ 6. "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered Plaintiff's Complaint, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the Complaint fails to allege the necessary facts to sustain diversity jurisdiction.

---

[1] Although Plaintiff alleges that "[s]ubject matter jurisdiction is proper" in this Court because "the parties stipulated to federal jurisdiction as a condition of dismissal without prejudice" in a previous case [ECF 1 ¶ 6], it is well-settled that parties may not stipulate to a federal court's subject matter jurisdiction. *See, e.g., Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1188 (10th Cir. 2018) (citing *Ry Co. v. Ramsey*, 89 U.S. 322, 237 (1874)). More accurately, the order of dismissal to which Plaintiff refers provided that "as a condition of . . . dismissal and in order to alleviate potential harm to Defendants, should Plaintiff refile this cause, he shall do so in [federal] Court." *Arroyo v. Johnson*, 23cv158 MLG/KRS, Doc. 45 (D.N.M. Feb. 5, 2024). Plaintiff having now refiled the cause, the Court retains an obligation to determine whether subject matter jurisdiction exists.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." Plaintiff, as the "party invoking diversity jurisdiction[,] bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted).

As to the non-corporate parties, Plaintiff alleges that he "is an individual residing in Lea County, New Mexico" and that Defendant Scott Douglas Johnson "is an individual residing at 4400 Humble Avenue, Midland, Midland County Texas." ECF 1 ¶¶ 2–3. But "[a]n individual's residence is not equivalent to his domicile[,] and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citation omitted); *see also Middleton*, 749 F.3d at 1200 (explaining that domicile, the equivalent of state citizenship, requires more than residence and exists only when residence is coupled with an intention to remain in the state indefinitely). Thus, the Complaint fails to assert facts sufficient to establish the citizenship of Plaintiff or Defendant Johnson.

The Complaint further alleges that "Defendant KINDER MORGAN VEHICLE SERVICES, LLC is a foreign (Delaware) corporation with its principal place of business at 1209 Orange Street, Wilmington, DE 19801." ECF 1 at ¶ 4. Critically, determining the citizenship of a limited liability company ("LLC") is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. That is, although a corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business, *see* § 1332(c), an LLC is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company). If Defendant Kinder Morgan Vehicle Services, LLC is indeed an LLC, the Complaint is deficient by

failing to (1) identify every member of the LLC, and (2) allege the citizenship of every LLC member.

Federal Rule of Civil Procedure 7.1(a)(2) requires that when a lawsuit is filed in federal court based on diversity jurisdiction, "a party or intervenor must, unless the court orders otherwise, file a disclosure statement" that names an identifies "the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2) (hyphen omitted). However, because Defendant Kinder Morgan Vehicle Services, LLC has not yet entered its appearance in this case, it has not yet filed such a disclosure statement. As a result, the Court is unable to ascertain its citizenship therefrom.

Accordingly, the Court will give Plaintiff an opportunity to file an Amended Complaint to allege facts necessary to sustain diversity jurisdiction. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS THEREFEORE ORDERED** that all parties subject to Rule 7.1(a)(2) shall file a disclosure statement **no later than seven (7) days** after entering a notice of appearance.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint to properly allege diversity jurisdiction—if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure—**no later than seven (7) days** after Defendant Kinder Morgan Vehicle Services, LLC files its corporate disclosure statement.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court may dismiss this lawsuit for lack of jurisdiction.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE